UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ASHENAFI ABERHA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>D. JONES,<br><br>　　　　　　　Defendant. | Case No. 3:20-cv-00060-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

Plaintiff Ashenafi Aberha, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP"), is proceeding on a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 4), specifically on a single claim for violation of his Eighth Amendment rights against Defendant Dawn Jones for deliberate indifference to Aberha's serious medical needs based on Aberha's allegations that Jones knew that the doctor had prescribed medication for the spreading rash on Aberha's lower body but unreasonably chose not to ensure that the prescription was filled and provided to Aberha as soon as possible (ECF No. 3 at 9-10). Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney, recommending the Court dismiss this case with prejudice as a sanction for Aberha's failure to appear at a settlement conference. (ECF No. 61.) Aberha filed an objection. (ECF No. 63 ("Objection").) Aberha also filed another currently pending motion that the Court denies in this order. (ECF No. 66.)[1] As further explained below, the Court will accept and adopt the R&R in full, and dismiss this case with prejudice because Aberha failed to appear for a court-ordered settlement conference and Judge Denny found his

---

[1] Jones filed a response to this motion. (ECF No. 67.) Jones did not file a response to the Objection, though the time for doing so has elapsed.

explanation as to why Aberha did not appear not credible at a subsequent hearing before Judge Denney.

## II. BACKGROUND

Aberha agreed to settle this case at a video Early Mediation Conference held by Mediator Paul Lamboley following screening back in January 2021. (ECF No. 7.) But Aberha changed his mind and refused to sign a settlement agreement, so Jones filed a motion to enforce the settlement agreement they had reached. (ECF No. 8.)

United States Magistrate Judge William G. Cobb eventually held a hearing on the motion to enforce settlement agreement and related briefing and denied it at that hearing, returning the case to the normal litigation track. (ECF No. 24.)

Next, Judge Cobb granted Aberha's motion to proceed *in forma pauperis* and directed service of Aberha's complaint. (ECF No. 25.) Jones accepted service (ECF No. 26) and answered (ECF No. 27). The case proceeded to discovery.

In April 2022, following Judge Cobb's retirement, the Court referred this case to another settlement conference, this time before Judge Denney. (ECF No. 47.) The Court granted Plaintiff's motion for an interpreter to be present at that settlement conference, procuring funds for the interpreter from the Court's Attorney Admissions Fund. (ECF No. 50.) Judge Denney set the settlement conference for June 22, 2022. (ECF No. 52.) Judge Denney also denied a motion requesting a jury trial that Aberha had filed in the interim without prejudice to refiling after the settlement conference. (ECF No. 53.)

Aberha did not appear for the settlement conference. (ECF No. 54.) Sue Chilson from ESP told Judge Denney that Aberha had refused to attend the settlement conference. (*Id.*) Judge Denney accordingly stated he would issue an order to show cause why Aberha should not be sanctioned for his nonappearance and set a show cause hearing for July 28, 2022. (*Id.*) Judge Denney issued the written order to show cause later that same day. (ECF No. 55.)

Aberha filed several documents in response to the order to show cause contending in pertinent part that he did not appear for the settlement conference because three

guards at ESP came to his cell shortly before the conference was set to start, strip-searched him, but then refused to bring him to the videoconference room at ESP. (ECF No. 61 at 3.) Aberha and two of those guards who allegedly did not bring him to the settlement conference, Caldwell and Rowney, testified at the show cause hearing. (ECF No. 62.)

In the R&R, Judge Denney explains that he found Caldwell and Rowney, but not Aberha, credible at the show cause hearing. (ECF No. 61 at 5.) He found that Caldwell and Rowney's testimony corroborated what Chilson had said on the day of the settlement conference—that Aberha simply refused to appear for it. (*Id.*) Judge Denney further found that dismissal was an appropriate sanction under the circumstances. (*Id.*) To support his Recommendation of the dismissal sanction, Judge Denney discusses the five applicable factors and concludes they all favor dismissal. (*Id.* at 5-7.) Judge Denney recommends the dismissal be with prejudice. (*Id.* at 7.)

In his Objection, Aberha reiterates his version of events that he presented at the show cause hearing and the filings leading up to it—that he was willing to appear for the settlement conference, but Caldwell and Rowney (and another officer who did not testify, Searle) refused to bring him. (ECF No. 63 at 2-3.) Aberha otherwise asserts that Caldwell and Rowney lied at the hearing. (*Id.* at 2.) Aberha concludes by asking the Court to set another settlement conference where he could bring his own witnesses. (*Id.* at 4.)

After filing his Objection, Aberha filed another motion titled "request to bring witnesses." (ECF No. 64.) Judge Denney construed this motion as a motion for reconsideration of the R&R and denied it. (ECF No. 65.) Judge Denney found in that order that Aberha did not demonstrate that the inmate witness statements and/or testimony that he wanted to present at another hearing before Judge Denney were newly discovered or could not have been discovered earlier through due diligence. (*Id.* at 2.) Judge Denney instead found he failed to provide the statements with his briefing in support of the show cause hearing and did not request the video footage prior to the hearing. (*Id.*) Judge Denny accordingly denied the motion. (*Id.* at 3.)

Aberha then filed a motion titled a motion for request for relief from a final order, noting that Jones did not file a response to his Objection, again asking Judge Denney to reconsider, and asking for another chance to attend a settlement conference, indicating he is willing to settle. (ECF No. 66 at 2-3.) As noted, Jones filed a response to this motion. (ECF No. 67.) In that response, Jones argues that Aberha provides no basis for the court (presumably Judge Denney) to revisit its decision for a second time. (*Id.* at 2-3.)

### III.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo as to the portions of the R&R Aberha objects to because Aberha filed his Objection. (ECF No. 63.)

### IV.    DISCUSSION

Aberha primarily directs his Objection at Judge Denney, asking him to reconsider findings that Judge Denney made at the show cause hearing. (ECF No. 63.) But the arguments Aberha presents in his Objection are substantially similar to the arguments Aberha presented to Judge Denney in his subsequent motion (ECF No. 64) that Judge Denney denied (ECF No. 65). Thus, Judge Denney has already addressed and rejected the arguments Aberha raises in his Objection.

Moreover, in his Objection, Aberha does not explicitly argue that Judge Denny erred in the R&R, by, for example, arguing that Judge Denney incorrectly evaluated or applied the dismissal factors that Judge Denney determined weighed in favor of dismissing this case with prejudice in the R&R. It is accordingly unclear to the Court whether Aberha is objecting to anything in the R&R other than the ultimate recommendation of dismissal with prejudice.

///

However, to the extent Aberha is objecting to the R&R, he appears to be arguing Judge Denney should not have believed Caldwell and Rowney over him at the show cause hearing because they lied. (ECF No. 63 at 2-4.) Said otherwise, Aberha is perhaps asking the Court to reject Judge Denney's credibility determination. However, even on *de novo* review, the Court may not simply reject Judge Denney's adverse credibility determination as to Aberha. *See, e.g.*, *United States v. Ridgway*, 300 F.3d 1153, 1157 (9th Cir. 2002) ("a district court errs when it does not conduct a de novo evidentiary hearing if it rejects the credibility finding of a magistrate judge who recommends the granting of a motion to suppress."). And the Court declines to reject Judge Denney's credibility determination because he made the determination after an evidentiary hearing and Aberha provides no reason for the Court to question Judge Denney's determination other than asking the Court to believe him instead. Indeed, and as noted, Aberha made the same argument he makes in his Objection to Judge Denny (ECF No. 64), giving Judge Denney the opportunity to reconsider his decision, but Judge Denney denied Aberha's request (ECF No. 65). Thus, the Court would effectively have to reject a credibility determination that Judge Denney reaffirmed to grant Aberha the relief he may be seeking. The Court has no reason to do so. After all, Judge Denney had the opportunity to view and question Aberha and the witnesses from ESP. Judge Denney did not find Aberha credible.

In addition, the Court agrees with Judge Denney's analysis of the factors governing a court's decision whether to dismiss a *pro se* plaintiff's action under Rule 41(b). (ECF No. 61 at 5-7.) In most pertinent part, the Court agrees with Judge Denney that no lesser sanction than dismissal would be effective here. Aberha was given multiple opportunities to settle this case, *see supra*, but still chose to violate the court's orders, and then Judge Denney found him not credible at a hearing regarding his non-appearance at the second settlement conference. The Court also procured special funding for an interpreter to be present at the settlement conference (ECF No. 50) at Aberha's request (ECF No. 40) that Aberha apparently did not want or need (ECF No. 61 at 3). Overall, the Court agrees with

Judge Denney that dismissal is an appropriate sanction to show Aberha that he must follow the Court's orders when he litigates in federal court.

In sum, the Court will accept and adopt the R&R and overrule Aberha's Objection. The Court will also deny Plaintiff's motion (ECF No. 66) redundant of his Objection because Judge Denney already addressed and rejected the arguments in it, and the Court agrees with Judge Denney that dismissal is an appropriate sanction here. Moreover, the Court agrees with Judge Denney that dismissal with prejudice is appropriate because Aberha missed the settlement conference and Judge Denney found his subsequent explanation for why he missed it not credible—twice. (ECF Nos. 61, 65.) *See also Dickinson v. Ocwen Loan Servicing, LLC*, 466 F. App'x 567, 568 (9th Cir. 2012) ("The district court did not abuse its discretion by dismissing Dickinson's action with prejudice where Dickinson did not file an opposition to defendants' motion to dismiss, did not appear at the hearing on that motion or notify the district court of his absence, and subsequently gave the district court misleading answers concerning various aspects of his action.").

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of United States Magistrate Judge Craig S. Denney (ECF No. 61) is accepted and adopted in full.

It is further ordered that Aberha's motion for request for relief (ECF No. 66) is denied as specified herein.

It is further ordered that this case is dismissed, in its entirety, with prejudice, as explained herein.

///

///

1 | The Clerk of Court is directed to enter judgement accordingly and close this case.
2 | DATED THIS 4th Day of October 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE